**DAVID L. BAKER** (SBN: 153445)
Rudolph Baker & Associates
419 19th Street
San Diego, California 92102
Telephone: 619-235-0010
Facsimile: 619-238-0144
dlbakerlaw@gmail.com

Attorney for Defendant:
ARMANDO ESCARCEGA VALDEZ

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
## (THE HONORABLE JAMES E. SIMMONS)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ARMANDO E. VALDEZ,<br><br>    Defendant. | Case No. 23-cr-02330-JES-1<br><br>DEFENDANT'S MOTION FOR REVIEW OF DENIAL OF BAIL<br><br>DATE:<br>TIME: |

### I.
### INTRODUCTION

Defendant ARMANDO VALDEZ ("Mr. Valdez"), by and through his counsel David Baker, hereby moves this Court pursuant to 18 U.S.C. § 3154(b) for an order reversing the decision of the Honorable Jill L. Burkhardt entered November 11, 2023, granting USA's oral Motion for Detention. Mr. Valdez seeks an order from this Court, imposing a personal appearance bond of $25,000, and would submit to home confinement, GPS monitoring and drug conditions pending trial.

### II.
### BACKGROUND

On May 19, 2023 a complaint was filed against Mr. Valdez for violation of 18 U.S.C. § 1546(a), Fraud and Misuse of Visas, Permits and Other Documents.

### III.
### POINTS AND AUTHORITIES

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required…" U.S. Const. Amend. VIII. The United States Supreme Court has interpreted this amendment to prohibit the imposition of excessive bail without creating a right to bail in criminal cases. *See United Stated v. Salerno*, 481 U.S. 739, 754-55 (1987) ("Eighth Amendment does not grant absolute right to bail"). The subject of bail and detention also implicates the Fourteenth Amendment's Due Process Caluse and requires that laws imposing pretrial detention "serve a compelling governmental interest", *Salerno*, 481 U.S. at 752, and "the Due Process Clause of the Fifth Amendment." *See United States v. Ailemen*, 165 F.R.D. 571, 577 (N.D.Cal. 1996) (internal citations omitted).

In federal criminal proceedings, release and detention determination are governed by the Bail Reform Act of 1984. 18 U.S.C. §§ 3141-3156 (1990). These sections contain specific guidelines that "judicial officer" must follow in considering whether a defendant should be detained or released pending federal criminal proceedings. 18 U.S.C. § 3145. Specifically, the Bail Reform Act expressly provides that pretrial release is required "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Courts have held this to mean that pretrial detention is authorized "only upon proof of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute. *United States v. Butler*, 165 F.R.D. 68, 71 (N.D. Ohio 1996) (quoting *United States v. Himler*, 797 F. 2d 156, 160 (3d Cir. 1986) and citing *United States v. Byrd*, 969 F.2d 106 (5th Cir. 1992); *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988)).

If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a

federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. 18 U.S.C. § 3145(b). The district court shall make this review de novo, meaning that the district court should make its determination based on an independent consideration of the facts, and no deference should be given to the magistrate's legal conclusions. *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990).

In this case Mr. Valdez has remained in custody for over two weeks. Prior to his arrest on October 16, 2023, Mr. Valdez lived in Delano, California since January 2023. This proves Mr. Valdez has a stable residence in the U.S. where he can stay awaiting his trial. Mr. Valdez lived in a home owned by his sister-in-law. Mr. Valdez will continue to live in the same residence throughout the case. Thus, pretrial services can easily monitor Mr. Valdez's compliance with pretrial release conditions. Additionally, Mr. Valdez can easily be reached and contacted. Mr. Valdez does not pose a flight risk simply because he has nowhere to go. Mr. Valdez has no intention to flee to Mexico because of an active arrest warrant for very serious charges. In fact, due to the political inclinations involved, Mr. Valdez genuinely believes he will be killed if he returns to Mexico.

Although conviction for this offense may result in Mr. Valdez's deportation, his fear of apprehension in Mexico does not increase his flight risk. Mr. Valdez is fully aware that attempting to flee prosecution will only make his situation astronomically worse. Mr. Valdez only wishes to resolve this matter quickly and efficiently. Regardless, Mr. Valdez's flight risk can be adequately curbed by requiring GPS monitoring. Custodial confinement is in no way necessary to secure Mr. Valdez's compliance in his prosecution. Thus, Mr. Valdez does not present a flight risk that warrants pretrial detention.

Additionally, Mr. Valdez does not present a danger to the public outside of custody. Mr. Valdez's alleged offense does not involve violence in any way nor any

dangerous narcotics. Although the allegations against Mr. Valdez are serious, his risk of recidivism is extremely low considering the nature of the offense. Mr. Valdez intends to fully abide by the terms of pretrial release and will not jeopardize the opportunity to await trial outside of custody.

The interests of justice heavily outweigh releasing Mr. Valdez to home detention upon the posting of a bond this Court deems acceptable to secure Mr. Valdez's appearance at future court hearings. Mr. Valdez will submit to GPS monitoring and drug conditions should this Court allow him to be released.

## VI.
## CONCLUSION

Based on the foregoing, this Court should reverse the decision of Judge Burkhardt and order Mr. Valdez's release from custody for medical reasons.

DATED: **November 30, 2023**               Respectfully submitted,

                            s/ David L. Baker
                            DAVID L. BAKER
                            Attorney for Defendant
                            ARMANDO E. VALDEZ

I have electronically notified all parties as to the filing of this document.

                            s/Baker
                            David Baker